UNION DISTILLING CO. v. BETTMAN et al.

(Circuit Court, S. D. Ohio, W. D. July 21, 1908.)

No. 6,391.

1. INTOXICATING LIQUORS (§ 122*)—DISTILLERS—BRANDING OF SPIRITS—LEGALITY OF REGULATIONS.

Circular No. 33, issued by the Commissioner of Internal Revenue May 10, 1910, instructing subordinates in his department that "all forms of distilled spirits from which the substances congeneric with ethyl alcohol have been removed for practical purposes altogether, and which have been heretofore marked as 'pure, neutral, or cologne spirits,' will be marked 'alcohol,'" under which the marking of any distilled product as "spirits" has been discontinued, is in violation of Rev. St. § 3287 (U. S. Comp. St. 1901, p. 2130), which provides that "all distilled spirits shall be drawn from the receiving cisterns into casks or packages, * * * and the particular name of such distilled spirits as known to the trade, that is to say, high-wines, alcohol, or spirits, as the case may be, shall be marked or branded on the head of such cask or package"; it being shown that one distinct product of alcoholic distillation is known to the trade as "spirits," while another product is known as "alcohol," the distinction being so well known and established that their being so marked does not constitute a misbranding, and therefore the provision

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

therefor·is not by implication repealed by Food and Drugs Act June 30, 1906, c. 3915, 34 Stat. 768 (U. S. Comp. St. Supp. 1909; p. 1187).

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 122.*].

2. INJUNCTION (§ 85.*)—GROUNDS OF RELIEF—IRREPARABLE INJURY.

A distiller is entitled to an injunction to restrain the enforcement by the Internal Revenue Bureau of an unauthorized order requiring a distilled product known to the trade as "spirits" to be·branded as "alcohol," which as known in the trade is an inferior and cheaper product.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 155, 156; Dec. Dig. § 85.*]

In Equity. Suit by the Union Distilling Company against Bernhard Bettman and others. On motion for preliminary injunction. Motion granted.

Lawrence Maxwell, Jr., and W. M. Hough, for plaintiff.
Sherman T. McPherson, U. S. Atty., for defendants.

THOMPSON, District Judge. The bill alleges that the matter in dispute arises under section 3287·of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 2130), which provides among·other things as follows:

"All distilled spirits shall be drawn from the receiving cisterns into casks or packages, each of not less capacity than ten gallons wine-measure, and shall thereupon be gauged, proved, and marked by an internal-revenue gauger, who shall cut on the cask or package containing such spirits, in a manner to be prescribed by the Commissioner of Internal Revenue, the quantity, in wine-gallons and in proof-gallons of the contents of such casks and packages, and the particular name of such distilled spirits as known to the trade, that is to say, high-wines, alcohol, or spirits, as the case may be, shall be marked or branded on the head of said cask or package in letters of not less than one inch in length; and the spirits shall be immediately· removed to the distillery warehouse," etc.

The bill further alleges that the complainant for years has been engaged in the business of distilling at Carthage, Hamilton county, Ohio, manufacturing, among other products distilled spirits known to the trade by the name of "spirits," with an annual output thereof of about 1,800,000 gallons, for which the said orator has had a profitable trade. That the defendant Bettman is collector of internal revenue for the First district of Ohio, in which complainant's·distillery is located, and his codefendants are gaugers assigned for duty in said district. That on the 5th day of May, 1908, the Commissioner of Internal Revenue, by his circular No. 33, Internal Revenue No. 723, addressed to the collector of internal revenue and others, regulating the marking of packages of distilled spirits when drawn from the receiving cisterns of the distillery into casks or packages, ordered and directed that from and after July 1, 1908, "all forms of distilled spirits from which the substances congeneric with ethyl alcohol have been removed for practical purposes altogether, and which have been heretofore marked as 'pure, neutral, or cologne spirits,' will be marked 'alcohol.'" And the said gaugers, acting under the directions of said collector of said district, and in pursu-

ance of the instructions so issued as aforesaid by the Commissioner of Internal Revenue, have notified the said orator that they will not hereafter mark or brand said casks or packages, when containing such distilled spirits drawn from the receiving cisterns as aforesaid, with the word "spirits," but that they will mark or brand on said casks or packages the word "alcohol," and that they will not hereafter brand anything as "spirits." That if the said regulation of May 5, 1908, be enforced, complainant's business will be destroyed, and that it will suffer great and irreparable damage, and prays that the defendants may be enjoined, etc.

The question presented is whether circular No. 33, modifying existing regulations relating to marking casks or packages containing distilled spirits violates said section 3287, and whether its enforcement will cause the complainant great and irreparable damage. The affidavits submitted by the complainant show that the distilled spirits known to the trade are high-wines, spirits, and alcohol. As known to the trade, the first product of distillation is "high-wines"; the second, by rectification or redistilling, is "spirits" (ethyl alcohol); and the third, being the tailings or refuse of the distillation of "spirits," is "alcohol," and as required by section 3287 should be so marked, unless that section has by implication been repealed or modified by Food and Drugs Act June 30, 1906, c. 3915, 34 Stat. 768 (U. S. Comp. St. Supp. 1909, p. 1187).

It has been urged in argument that the phrase "spirits, as the case may be," used in section 3287, should be construed in a restricted sense, and applied to "rum, whisky, brandy, gin, and other distilled liquors," and as a matter of fact, under the department regulations of 1901, such potable spirits were so marked—that is, were marked rum, whisky, brandy, etc.—but "spirits" in the broader sense, the purest product of distillation, as known to the trade, were marked or branded on the casks or packages as "spirits," and were not confounded in any way with potable spirits. Under section 3287, high-wines, spirits, and alcohol, as known to the trade, were, prior to July 1, 1908, so marked, irrespective of the markings of potable spirits. If the trade usage disregarded technical names in the markings of distilled spirits, nevertheless it, by long continuance, sufficiently established its markings and brandings to prevent purchasers from being deceived or misled, and would not, therefore, come within the condemnation of the food and drugs act, and no implication can arise which would modify or repeal section 3287.

The complainant alleges that it has and will sustain irreparable damages by the enforcement of the regulations of May 5, 1908. If these regulations should be enforced, undoubtedly it would subject complainant to loss and damage, which, however, would not be destructive to its business or continue for any great length of time. The operation of the new regulations would be general, universal, and would not afford competitors any advantage, and customers would soon be compelled to adjust their business to the new conditions. But the damages sustained pending the adjustment would

be serious, and could not well be recovered at law, and in that sense would be irreparable.

The demurrer will be overruled, and a restraining order will be allowed as prayed.