## UNITED STATES v. WOODS.
### No. 9497.

Circuit Court of Appeals, Seventh Circuit.
June 2, 1948.

Stephen S. Snyder and Alfred E. Roth, both of Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., and Joseph E. Tobin, Asst. U. S. Atty., both of Chicago, Ill., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and DUFFY, District Judge.

SPARKS, Circuit Judge.

Appellant and another, one Pearson, were charged by indictment in two counts of illegal possession of untaxpaid distilled spirits in violation of section 2803(a) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 2803(a), and concealment of the same with intent to defraud the United States in violation of section 3321(a) of the Code, 26 U.S.C.A. Int. Rev. Code, § 3321(a). Appellant and Pearson were arraigned together, and the latter pleaded guilty and was sentenced to 90 days imprisonment. Appellant pleaded not guilty and waived jury trial, and his case was set for hearing by the court which found him guilty and sentenced him to 180 days imprisonment.

Appellant asserts error in the overruling by the court of his motion for a not guilty finding, asserting that the evidence was insufficient to sustain his conviction for the reason that it failed to establish that he possessed or concealed the alleged untaxpaid distilled spirits or that they were in fact subject to any tax, and for the further reason that the evidence established that the alleged untaxpaid distilled spirits were in fact possessed and owned by another.

The record establishes the following facts. On May 1, 1947, three Government agents, Walker, Roseboro, and Hambach, executed a search warrant on premises occupied by appellant.

Walker testified that the premises consisted of a basement flat of four rooms and a hall; that in a bedroom appellant said was his, they found a gallon jug half full of alcohol, "untaxpaid distilled spirits." He further testified that in the living room, in the bottom of the studio couch, they found a gallon jug half full, and in a closet in the hallway, they found twenty-one half-pints, five pints, and a half gallon of tax unpaid distilled spirits in bottles and jugs. He stated that appellant and his wife and Pearson and some other people were there at the time, and that when he asked appellant to whom the alcohol belonged, he said it was Pearson's, and that Pearson was a roomer there. Walker testified that he knew which room was occupied by Pearson and that no alcohol was found in that room.

On cross-examination he stated that they found a gallon jug half full, and a half-gallon jug also half full, behind the door in appellant's bedroom.

Roseboro testified that he saw in the living room a gallon jug half full of a colorless liquid, and in the bedroom, there was a gallon jug half full, and a half-gallon jug half full, and in the closet he found twenty-one half pints and five pints of a colorless liquid, and that he examined this liquid and found it to be spirits. He stated that he had conversation with appellant, telling him that they had found the quantity of taxunpaid liquor there and asking what he had to say about it, and that appellant replied that it did not belong to him, but it belonged to Pearson. He admitted that the premises were his but stated that Pearson had access to the whole house.

Hambach testified that he saw and examined the various bottles that were taken from the premises, and that none of them bore tax stamps denoting that the tax had been paid.

■ The foregoing, in substance, constitutes the entire evidence in the case; appellant introduced no evidence whatever. It must be conceded that this evidence is very meager. We are convinced from our study of the record that this was due not to any actual absence of direct proofs, but rather to the failure of admittedly inexperienced prosecuting counsel to elicit the full proofs. However, we think there was sufficient evidence to justify the finding of guilt.

The actual testimony must be considered in the light of the circumstances of the case. Appellant was jointly indicted with Pearson and they were arraigned together and represented by the same counsel. No question was raised, upon Pearson's plea of guilty, as to the nature of the colorless liquid charged to be untaxpaid alcohol. In fact, upon inquiry by the court as to what the three and eleven-sixteenths gallons were, during colloquy on the Pearson plea, counsel for the accused volunteered the information that it was "untaxed alcohol." After both parties rested their case as to appellant, counsel stated to the court that he did not believe that the Government had estab-

lished the necessary facts to make out a case and called the court's attention to the fact that the week before, Pearson had been tried by the same court, had pleaded guilty and admitted ownership of "the alcohol," and that the court had sentenced him to ninety days in the county jail. (This was, of course, the same alcohol as that involved in the case at bar.) He therefore moved that the indictment against appellant be dismissed for insufficiency of evidence, and that he be discharged.

It is clear from all this that counsel as well as the court assumed the illicit character of the "colorless liquid" involved in the charge. This, coupled with the direct evidence of one witness who stated that they found alcohol, "untaxpaid distilled spirits," and of another, that he examined the liquid and found that it was spirits, fully justified the court in denying the motion to dismiss for insufficiency of evidence.[1]

 Appellant contends before this court, although he did not raise the question below, that the alcohol might have been rubbing alcohol on which no tax is due, relying on the case, United Cigar Whelan Stores Corp. v. United States, 9 Cir., 113 F.2d 340, where the court stated that rubbing alcohol, not intended for beverage purposes, need not bear tax stamps. However, rubbing alcohol does not fall within the description of "spirits," or "distilled spirits." These terms connote alcohol for use as a beverage, an intoxicating liquor. See Words and Phrases, Perm. Ed., Vol. 39, page 803, "Spirits," for various definitions to this effect; Union Distilling Co. v. Bettman, C.C., 181 F. 419. Moreover, the disposition of the alcohol in twenty-eight receptacles in various places throughout the flat, including the bottom of the studio couch, is strongly indicative of an attempt to conceal, quite incompatible with innocence. United States v. Quaker Industrial Alcohol Corp., D.C., 2 F.Supp. 863. And under the facts here shown, Pearson's plea of guilty to the charge of possession and concealment did not require dismissal of the same charge against the appellant, his landlord.

The statute imposes a tax on distilled spirits and provides that no person shall possess any such spirits unless the immediate container bears a stamp denoting payment of the tax, listing, however, seven exceptions to this requirement. See 26 U.S. C.A.Int.Rev.Code, § 2803(a). These exceptions have been held to be a matter of affirmative defense. Scher v. United States, 305 U.S. 251, 59 S.Ct. 174 83 L.Ed. 151; Queen v. United States, 64 App.D.C. 301, 77 F.2d 780. The statute further provides a penalty for any person concealing any goods or commodities in respect whereof any tax is imposed. See 26 U.S.C.A.Int. Rev.Code, § 3321. We find, in the case at bar, sufficient evidence, direct and circumstantial, that appellant possessed and concealed such alcohol as is within the purview of the statute, and that the containers of that alcohol did not bear the requisite stamps denoting payment of the tax due thereon.

Judgment affirmed.

---

[1] See Miller v. United States, 6 Cir., 300 F. 529, where error was asserted in that there was no evidence of the intoxicating character of the liquid there involved. The court held that inasmuch as it had been treated as whiskey throughout the trial, and no question raised until after the charge to the jury had been finished, it was for the jury to determine whether it was in fact whiskey, without proof of analysis. See also Smith v. United States, 4 Cir., 2 F.2d 715, that no chemical analysis is necessary.