Tony WATSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15345.

United States Court of Appeals
Fifth Circuit.

Aug. 18, 1955.

Rehearing Denied Sept. 28, 1955.

M. H. Rosenhouse, Henry R. Carr, Rosenhouse & Rosenhouse, Miami, Fla., D. L. Rosenhouse, Miami, Fla., of counsel, for appellant.

E. David Rosen, Anthony S. Battaglia, Asst. U. S. Attys., James L. Guilmartin, U. S. Atty., for the Southern District of Florida, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

RIVES, Circuit Judge.

Appellant was indicted on three counts, each involving the same ten gallons of distilled spirits. The first count charged the possession of the liquor, on the containers of which internal revenue stamps were not affixed, in violation of 26 U.S.C.A. § 2803(a); the second, possession of the untaxpaid liquor intended for use contrary to the provisions of the Internal Revenue Laws, in violation of 26 U.S.C.A. § 3116; and the third, concealing the liquor with intent to defraud the United States of the tax, in violation of 26 U.S.C.A. § 3321.

The defendant moved to require the Government to elect on which count it would prosecute. Thereupon the Government struck Count 2, and the court declined to require an election as between Counts 1 and 3. The jury found the defendant "guilty as charged on both counts." Thereafter, the court granted a new trial on Count 3, and sentenced the defendant to imprisonment for two years on Count 1.

Since the defendant was sentenced on the first count only, it is difficult to see how he was prejudiced by the refusal of the court to require the Government to stand on only one of the three counts. Moreover, if prejudice be assumed, each count required proof of an additional fact which the other did not, and that is the recognized test for determining the identity or separateness of offenses. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Icenhour v. United States, 5 Cir., 187 F.2d 663; Bacom v. Sullivan, 5 Cir., 200 F.2d 70; Crabtree v. United States, 5 Cir., 209 F.2d 164.

The liquor was seized in the defendant's home in the City of Miami, Florida, as a result of an illegal search without a warrant made by three city policemen. Officers of the Federal Alcohol Tax Unit later "adopted this case," and the liquor in the five-gallon glass jug and five-gallon tin container in which it was seized was turned over to them. There was no showing that this evidence had been destroyed or otherwise disposed of. The defendant objected to testimony that the contents were liquors or distilled spirits, and that there were no revenue stamps on the containers without the prior production of the jar and can and their contents, on the ground that the best evidence had not been produced. The court overruled the objection as to the contents, stating, "We do not need to produce the evidence in this case. It would be destroyed under the Statute, if there was such whiskey." As to the testimony that the containers had no revenue stamps attached, the District Attorney replied to the objection, "Under the law the property which is used for the purpose of defrauding the United States of Internal Revenue is seized by the Government and destroyed, whether it is vehicles, or what,—they are sold at public auction." The court thereupon overruled that objection.

With commendable candor the Government now concedes that it was erroneous to assume that the law required the destruction of the jar and can

and their contents.[1] We think, however, that the Government's present position (footnote 1, supra), as well as its position in the district court, begs the question by assuming that the containers were used for the purpose of defrauding the United States, and that the contents were contraband liquors. The section of the internal revenue law declaring that "no property rights shall exist in any such liquor or property", 26 U.S.C.A. § 3116, Section 7302 of the Internal Revenue Code of 1954, does not relieve the Government of its duty to produce the best evidence in a criminal prosecution.

■ We cannot assume that the error was harmless without assuming that the primary evidence would substantiate the secondary evidence, and that assumption would amount to a repudiation of the best evidence rule. Rule 52(a), Federal Rules of Criminal Procedure, 18 U.S.C.A. cf. Simpson v. United States, 9 Cir., 245 F. 278, 281; 3 Am.Jur., Appeal & Error, Sec. 1029, p. 583; 5 C.J.S., Appeal and Error, § 1725.

The use of secondary evidence will, however, be justified on another trial if it be shown by competent evidence that the Government or its agents had destroyed the original and primary evidence in its possession without any fraudulent purpose or any intent to create an excuse for its nonproduction. Riggs v. Tayloe, 9 Wheat 483, 487, 6 L.Ed. 140; 20 Am.Jur., Evidence, Sec. 438; 4 Wigmore on Evidence, 3rd ed., Sec. 1198.

■ The appellant next complains of a part of the court's oral charge,[2] because it does not require some affirmative testimony from the Government that the liquor was intended for sale, and the appellant insists that under 26 U.S.C.A. § 2803(a) that is necessary. That statute provides in part that, "The provisions of this section shall not apply to

[1] The position of the Government as shown in brief is:

"Section 2853 of the Internal Revenue Code of 1939 deals with the destroying, upon seizure of stills, doublers, etc. having a capacity less than 150 gallons per day and valued at less than $500, where it shall be impracticable to remove the same to a safe place when seized. Section 5623, Internal Revenue Code of 1954, replaced the aforementioned section of the 1939 code, and does away with the 150 gallons per day output and with the $500 valuation stipulations. The aforesaid sections, however, do not supply the authority for the destruction of the immediate containers of seized untaxed whiskey. Despite the failure of the existing laws to provide for the immediate destruction of seized nontaxed whiskey containers, it would be exceedingly impractical for the United States to store liquor so seized, or to bring all of the seizures into court, and because of the impracticability of preserving the same until trial, it has been the practice for government agents to destroy liquor containers so seized immediately as such containers and liquor have no recognized value. Section 3116 of the Internal Revenue Code of 1939 (Section 7302, Internal Revenue Code of 1954), states that it shall be unlawful to possess such property 'and no property rights shall exist in any such property'.

"The witness for the Appellee in the court below inadvertently failed to testify as to the destruction of the liquor containers, however, Appellee contends that failure to so testify was not prejudicial in any way to the defendant, and if error was committed by the lack of such testimony the same would be a harmless error."

[2] "Now as regards distilled spirits not intended for sale, or for use in the manufacture or production of any article intended for sale, there is no evidence in this case on that particular subject except, and I instruct you, that if there are distilled spirits,—if you find beyond a reasonable doubt that this particular defendant possessed distilled spirits in his house or place of abode, you may infer, if you see fit, that they were intended for sale, and that they were not under this particular exception because there is no evidence in this case as to the use intended for these distilled spirits; and generally speaking, the possession of unstamped distilled spirits in quantities and under control, and if you do find them to be in and under control, beyond a reasonable doubt, of this particular defendant, is an indication from which you may infer that they were intended for sale contrary to the Internal Revenue laws of the United States of America."

* * * (6) Distilled spirits not intended for sale * * *." The Supreme Court has held that, "The exception in respect of transporting liquor not intended for sale found in the statute affords matter for affirmative defense. Queen v. United States, 64 App.D.C. 301, 77 F.2d 780." Scher v. United States, 305 U.S. 251, 254, 59 S.Ct. 174, 176, 83 L.Ed. 151. It is true that this Court has held,

> "that while proof of the possession of whiskey, in tax-unpaid containers standing alone made out a prima facie case, yet if upon all the evidence the jury had a reasonable doubt as to whether the possession was for a prohibited or a nonprohibited purpose, they should acquit him." Ward v. United States, 5 Cir., 96 F.2d 189, 192.

We do not think that the holding of this Court is contrary to the holding of the Supreme Court. Under either holding, however, the charge of the court (footnote 2, supra) was not erroneous. See United States v. Marino, 2 Cir., 141 F.2d 771, 772, 773; United States v. Woods, 7 Cir., 168 F.2d 255, 257.

██ Lastly, the appellant complains of the admission of the evidence obtained through a wrongful search by municipal officers but without any collusion with federal officers, and insists that "We believe that it is time to re-examine the holdings relative to State or Municipal Officers' immunity when testifying in Federal Court from having to make a legal search." There can be no doubt that the limitations of the Fourth Amendment, and of the exclusionary rule in sanction thereof, reach the Federal Government and its agencies, but are not directed to misconduct of state or municipal officials or other persons not acting in collusion with or under the direction of federal officers. Weeks v. United States, 232 U.S. 383, 398, 34 S.Ct. 341, 58 L.Ed. 652; Burdeau v. McDowell, 256 U.S. 465, 475, 41 S.Ct. 574, 65 L.Ed. 1048; Byars v. United States, 273 U.S. 28, 33, 47 S.Ct. 248, 71 L.Ed. 520; Lustig v. United States, 338 U.S. 74, 69 S.Ct.

1372, 93 L.Ed. 1819. Any re-examination of such holdings must be by the Supreme Court.

The erroneous admission of the secondary evidence hereinbefore discussed makes it necessary that the judgment be reversed and the cause remanded for a new trial.

Reversed and remanded.