**Alfred Smith FRANCIS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 5424.**

United States Court of Appeals Tenth Circuit.

Dec. 14, 1956.

Wendell A. Peters, Denver, Colo., for appellant.

Robert S. Wham, Asst. U. S. Atty., Denver, Colo. (Donald E. Kelley, U. S. Atty., Denver, Colo., with him on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and PICKETT, United States Circuit Judges.

HUXMAN, Circuit Judge.

Appellant was indicted, tried, and convicted for violating 26 U.S.C. § 4744(a) (I.R.C.1954), unlawful possession of marihuana. The issue of guilt went to the jury solely on the evidence of the Government. The defense rested without producing evidence in contradiction thereof. Grounds for reversal urged are

that the evidence is insufficient to show that appellant knowingly had in his possession the marihuana seeds discovered in the car he was driving and that the evidence was incompetent to show that the seeds were capable of germinating which they must be to be within the statutory definition of marihuana, 26 U.S.C. § 4761(2).

■ The Government's evidence shows that Denver detectives apprehended appellant in an automobile in which marihuana smoking equipment and a cellophane package of marihuana seeds were found. Appellant admitted these articles were his. In fact, it was by his admissions that the detectives located several pieces of the smoking device in the car. He told them he had smoked a marihuana cigarette earlier that day and that the smoking device was used in smoking both cigarettes and the seeds. Smoking the seeds gave him a "terrific" headache. He explained that he had salvaged the seeds from a purchase of a half-can of marihuana and intended to take them to South America to enter the business of raising marihuana. He related substantially the same story to federal agents.

The arresting officers locked the envelope in which they placed the seeds in the evidence locker in the Denver detectives' vault. The vault is always unlocked but the locker is unlocked only when empty and by closing the lid, as in this case, when the evidence is placed in it it snaps locked. Only one detective has a key to this locker. He removed the envelope to analyze and examine the seeds which he found to be marihuana. After returning them to the locker he later gave them to Agent Ford, Federal Narcotics Agent, who gave them to an agent named Marsh, the evidence custodian. Marsh testified that the envelope has always been in his possession save on one occasion when checked out to Ford. Ford testified that he took them to one Twyman Klayder, a chemist with the United States Food and Drug Administration. Klayder testified that he determined the seeds to be marihuana.

He removed ten seeds from the envelope, planted them, and within three and a half days four had sprouted. He resealed the envelope and returned the seeds to Ford who in turn returned them to Marsh.

Appellant's contention that this uncontradicted evidence fails to constitute possession of marihuana lacks merit. Contrary to his allegation, this is far more than merely circumstantial evidence that appellant and the seeds were found in the same car. The testimony of his reported admissions shows that the seeds and the smoking paraphernalia were his and that he intended to take the seeds to South America for farming purposes. A stronger case for possession is difficult to conceive. Appellant relies on United States v. Maghinang, D.C.Del.1953, 111 F.Supp. 760, in which the accused was acquitted for failure to show possession. That case fails to give him assistance, however. The accused there was apprehended while driving a borrowed car. Thorough search revealed that there were forty-one marihuana cigarettes in a well-concealed spot in the auto. When questioned about this, he merely asked "Where did you find them?" The variance in facts from our present case is obvious.

Appellant next contends that the evidence is incompetent to show that the seeds were fertile. This is based on the theory that a proper foundation for the introduction into evidence of the seeds was not laid with the "best" evidence. It is urged that the chemist's testimony that the seeds did grow is secondary evidence to the issue of fertility and the "best" evidence is the production in court of the plants themselves. As a related contention it is said that as an expert it was the chemist's prerogative to identify the seeds as marihuana and testify thereto but in stating that they germinated he invaded the jury's province to decide that fact which the average man could observe by production of the plants in court, the jury being as well qualified to determine the result of the experiment as the expert. There is no suggestion that the seeds the chemist

planted were not the seeds found in appellant's possession. The evidence indicates a thorough security chain of identification and safekeeping of the seeds from the Denver police authorities through the chemist and back to the federal agents.

■ The best evidence rule has no application in this case. Generally the rule is apropos either in matters of hearsay evidence or written documents, Wigmore on Evidence, §§ 1173–1175, 1923 Ed.; Morgan & Maguire, Cases and Materials on Evidence, p. 853, 1951 Ed.; 22 C.J.S., Criminal Law, § 692, p. 1180. It is merely a means of requiring that litigants produce the most superior evidence available, not necessarily the strongest evidence. Sometimes the rule is spoken of in differentiating primary and secondary evidence, the former being the "best" evidence. In other words, the rule contemplates only a situation where the objectionable evidence is clearly substitutionary in nature and not the best obtainable under the circumstances. 20 Am.Jur., Evidence, § 403, et seq.; Wharton on Criminal Evidence, p. 384. This is not such a case. The quarrel with the chemist's testimony here goes to, at most, questions of credibility. He testified regarding an experiment. The only way he could have presented more convincing and conclusive proof of its showing was to have re-enacted it in the courtroom, in this case requiring perhaps three and a half days. Introduction into evidence of the plants themselves would have added nothing to his testimony since that would not have been the experiment. There still would have remained an element of credibility, to wit, that the seeds found in appellant's possession were indeed the plants presented to the jury. There is nothing substitutionary in nature in his testimony. Actually, in regard to experiments the best evidence would be the testimony by the individual conducting them. As to the contention that the jury was capable of observing the result as the chemist was, and therefore the plants should have been offered in evidence, appellant is met with another elementary rule. It is axiomatic that the nature, appearance and condition of physical objects may be proved by parol evidence and production of the objects themselves is merely cumulative. Patterson v. United States, 10 Cir., 1933, 62 F.2d 968; 32 C.J.S., Evidence, § 460.

Affirmed.