Charley Calvin CHANDLER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7260.

United States Court of Appeals
Tenth Circuit.

June 21, 1963.

Sid White, Oklahoma City, Okl., for appellant.

John W. Raley, Jr., Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., with him on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellant was indicted in two counts of unlawfully removing and transporting twenty-six and one-half gallons of non-tax-paid distilled spirits in violation of Title 26 U.S.C. §§ 5601(a) (12) and 5604(a) (1). A non-jury trial was had and appellant was found guilty on both counts.

Appellant urges that it was error for the trial court to admit testimony of the government's agents that the containers of whiskey seized did not bear revenue stamps, and asserts instead that the containers themselves or some of them should have been produced at the trial. On this point the appellant argues that the "best evidence" rule requires the production of the original containers.

In his argument appellant cites and relies upon Watson v. United States, 224 F.2d 910, a decision in 1955 by the Fifth Circuit. However, even should this cited case be followed, it nevertheless held that the use of secondary evidence would be justified in the event evidence showed that the containers were destroyed "without any fraudulent purpose or any intent to create an excuse for its non-production." There was no evidence or testimony whatever in the case at bar that there was any fraudulent purpose involved in the destruction of the whiskey containers. The agents who appeared testified that the containers were not produced for the reason that

they were destroyed under Internal Revenue Service regulations. This testimony, given by one of the agents who examined the seized contents of the car trunk, described the containers as half-gallon fruit jars. On cross-examination when asked where the containers were at the time of trial, the agent stated they had been destroyed for the reason that it was "in our regulations that we only maintain a sample." It would appear that the witness was referring to Title 26 U.S.C. § 5609(a), which applies to the destruction of seized distilled spirits. The court overruled a motion to exclude this testimony with reference to the containers.

▄▄▄▄▄ As indicated above there is nothing in the evidence to indicate any fraudulent purpose in the destruction of the containers, although it would appear to have been somewhat hasty and such action should not be encouraged. The "best evidence" rule as it is generally applied does not relate to situations such as this, but is ordinarily limited to cases or situations where the question relates to the contents of written documents. Francis v. United States, 239 F.2d 560 (10th Cir.); Meyers v. United States, 84 U.S.App.D.C. 101, 171 F.2d 800, 11 A.L.R.2d 1; Herzig v. Swift & Co., 146 F.2d 444 (2d Cir.), and In re Ko-Ed Tavern, 129 F.2d 806, 142 A.L.R. 357 (3d Cir.). In the case at bar, we have instead the witness giving a description of the half-gallon glass jars in which the whiskey was contained, and in so doing, he was describing a physical thing in testifying as to the absence of revenue stamps on such containers. This testimony was adequate proof. Atkins v. United States, 240 F.2d 849 (5th Cir.).

The appeal as finally presented to this court by the attorney for the appellant in oral argument related solely to this destruction of the containers and no other issues were raised.

We find no error, and the case is affirmed.