WINDOW ROCK DISTRICT COURT

May 26, 1982

No. WR-CR-1233-82
WR-CR-1234-82
WR-CR-1235-82
WR-CR-1236-82
WR-CR-1230-82
WR-CR-1231-82
WR-CR-1232-82

OPINION AND ORDER

NAVAJO NATION, Plaintiff v.

PERRY DESCHEENEY, and PATRICK
DESCHEENEY, Defendants.

Honorable Tom Tso, Judge presiding.

Patrick and Perry Descheeney stand accused of assault with a deadly weapon - the Navajo offense of aggravated assault. 17 NTC Sec. 315. In this situation, Officer Leland Tom was retreating from the scene of an incident, along with other officers, and Perry Descheeney took a swing at Officer Tom with a shovel. As Officer Tom was fleeing from Perry and trying to make it into a patrol car, Patrick Descheeney threatened the officer with a sledge hammer. The officers left, and when they returned 45 minutes later with some backup, the shovel and sledgehammer were missing.

At trial various witnesses corroborated Officer Tom's testimony the defendants were seen weilding the shovel and sledghammer. The defendants objected to this testimony, saying the hammer and shovel must be introduced into eivdence.

What is the penalty when a party fails to introduce something into evidence which might or should be?

"Where relevant evidence which would properly be a part of the case is within the control of the party whose interest it would naturally be to produce it, and he fails to do so, without satisfactory explanation, they may draw an inference that such evidence would have been unfavorable to him. Wetmore v. Rymer (1898) 169 US 115, 42 L.Ed 682, 18 S.Ct.293. Similarly, where a party has the means in his power of rebutting and explaining evidence adduced against him, his omission to do so furnishes a strong inference that he cannot do so. 29 Am.Jur.2d, Evidence Sec. 178.

If weaker and less satisfactory evidence is given and relied on in support of a fact when it is apparent

to the trier that proof of a more direct and explicit character is within the power of a party to produce, it may be inferred that the better evidence, if given would have been unfavorable to him. Runkle v. Burnham (1894) 153 US 216, 38 L.Ed.694, 14 S.Ct. 837. This rule should not be confused with the best evidence rule which applies only to documentary evidence." Hunter, Federal Trial Handbook, Sec. 73.17.

This is the penalty for the nonintroduction of evidence which would be logical to introduce. The penalty does not apply here, however, because of the fact the police had a perfectly reasonable explanation for why the tools, used as weapons, were not introduced. The officers were driven off by the defendants, and when the officers returned with more force, the defendants had fled, taking their weapons with them.

There is a line of cases in which bootlegger defendants have attempted to escape conviction for the nonintroduction of the illegal liquor into evidence. These include Watson v. United States, 224 F.2d 910, 912 (C.A.5, 1955) (secondary evidence in the form of testimony permissible in place of the primary evidence - liquor - where it is shown the government had no fraudlent purpose in destroying the liquor or no intent to have a false excuse for nonproduction); United States v. West, 259 F.2d.868, 869 (C.A.5, 1958)(officer testimony regarding destroyed liquor permissible); Dicks v. United States, 253 F.2d.713, 715 (C.A.5, 1958); and Driggers v. United States, 384 F.2d 158 (C.A.5, 1967).

The principle is that noted above - relevent evidence which is not produced leads to assumptions it would be unfavorable to the introducing party unless a satisfactory explanation is offered. The "best evidence rule" does not apply to objects other than writings, recordings and photographs. R. 31(a), Rules of Evidence; see also 5 Winstein's Evidence, pp. 100-12 to 1001-15. It would be ridiculous to require the production of an automobile, tombstone or other large object in court, and it is unlikewise be ridiculous to permit defendants to escape liability due the nonproduction of evidence they took away with them.

For these reasons the defendants are entitled to no relief for the nonprejudicial testimony of witnesses regarding the deadly weapons in question, and the court finds Patrick and Perry Descheeny guilty of the offense of aggravated assault.