# STATE OF FLORIDA v PHILLIPS
## Case No. CTC87-25823-C
County Court, Volusia County

April 20, 1988

### APPEARANCES OF COUNSEL

**Kelley Greene,** Assistant State Attorney, for plaintiff.

**Michael O'Neill,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS CAUSE came on to be heard before the Court on March 22, 1988 for a non jury trial. Defendant objected to the lack of production at trial of any physical evidence; this Court reserved ruling and completed the trial. Upon review and consideration this Court finds as follows:

Defendant was charged by information with use or possession of drug paraphenalia, i.e., "a metal tube with a rubber grommet and wire

mesh screen commonly knwon [sic] as a[n] 'uzi' ". Daytona Beach Police Officer R. B. Cadenhead's *testimony,* if sufficient without introduction of the paraphenalia, met the state's burden of proof. The defense objected to the lack of production of the pipe at trial. There was no allegation by the defense of a violation of the right of confrontation or fundamental due process. It appears as if the defense made a best evidence type objection.

The Court in *Smith v. State,* 305 So.2d 868 (Fla. 3d DCA 1975), a grand larceny of a power saw case, was faced with an analogous issue although photographs of the saw taken shortly after the theft were introduced into evidence. The Court citing federal caselaw noted that it is not necessary in every instance to produce the physical evidence in order to produce testimony about it. The defense had not made a sufficient showing of prejudice due to the non-production of the saw. The Court noted that the defendant did not file a written motion to produce the saw until the day of trial. There was no suggestion that the defendant wanted to have an expert examine the saw with regard to its value. The Court reached similar conclusions when dealing with alleged violations of confrontation and due process rights rather than best evidence issues in the factually analogous case of *Jones v. State,* 360 So.2d 1293 (Fla. 3d DCA 1978). This Court does note that the *Jones* Court relied on the fact that the missing evidence was cumulative and corroborative along with the fact that the defense took no action to independently test the evidence in question or even have an independent expert review the preserved notes and reports of the medical examiner's office. See also *Adams v. State,* 367 So.2d 635 (Fla. 2d DCA 1979).

Testimony of government witnesses describing the contents of two five-gallon jugs sold to them by defendants as distilled spirits in a unlawful possession of nontax paid distilled spirits was permitted without physically producing the containers and their contents in court despite a nondescript best evidence objection in *Burney v. United States,* 339 F.2d 91 (5th Cir. 1964). The Court noted there was no best evidence rule with regard to physical evidence other than writings. The Court in a footnote stated:

> Although frequently stated in more general terms, the best evidence rule is applicable only to the proof of the contents of documents or recordings. It is therefore not necessary that a tangible thing be produced in court; a parol description of the thing is admissible.

See also *United States v. Duffy,* 454 F.2d 809 (5th Cir. 1972). The opposite and minority view is expressed in the single case of *Watson v.*

*United States,* 224 F.2d 910 (5th Cir. 1955). Note that while *Watson* has never been specifically overruled it has, as stated in *Duffy* been distinguished into oblivion.

The objection in the instant case was not a well-founded objection. Even if it was, the defense has totally failed to show any prejudice by the nonproduction of the pipe. The Court file indicates no discovery steps other than the routine filing of the demand. The defense also made no "prejudice" argument at the time of the objection.

This Court having overruled the objection, finds a violation of § 893.147(1) *Fla. Stat.* (1987).

THEREFORE, it is hereby;

ORDERED and ADJUDGED that the Defendant be sentenced as follows:

The Court will withhold adjudication, place the defendant on 6 months unsupervised probation, pay a fine of $153.00 and complete the NCTI school within 60 days, obtain periodic urinalysis by TASC and obtain any substance abuse treatment as deemed necessary.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida, this 20th day of April, 1988.