### KINNEY v. UNITED STATES.
### No. 3939.

United States Court of Appeals
Tenth Circuit.

Nov. 12, 1949.

896

John Henry Kinney pro se.

Robert E. Shelton, United States Attorney, Oklahoma City, Okl., William A. Berry, Assistant United States Attorney, Stillwater, Okl., for appellee.

Before PHILLIPS, Chief Circuit Judge, MURRAH, Circuit Judge, and RICE, District Judge.

RICE, District Judge.

This appeal is from an order denying appellant any relief after a hearing on his motion to vacate filed under authority of Section 2255, 28 U.S.C.A., in criminal cause No. 15702 in the United States District Court for the Western District of Oklahoma. Appellant was a defendant in said criminal action and will hereinafter be referred to as such.

By indictment of a grand jury filed in May, 1948, defendant was charged in sixteen counts, fifteen of which charged violations of the Internal Revenue Laws relatting to intoxicating liquor, and one charging conspiracy to violate such laws. When arraigned, defendant appeared with Robert O. Swimmer, an attorney of his own choice, and entered a plea of not guilty as to each of the sixteen counts in the indictment. Thereafter he filed a motion to suppress evidence obtained by the officers in searching an apartment at 1434 N. E. Fifth Street, Oklahoma City, Oklahoma. At the hearing on said motion the defendant contended that he neither owned nor was in possession of the apartment searched. He likewise denied ownership of the whiskey found as a result of the search. The trial court overruled the motion to suppress.

After the adverse ruling on the motion to suppress, defendant discharged Swimmer and employed Dave Tant, an experienced trial lawyer, whom the defendant had known for a number of years. On June 10, 1948, the defendant being represented by Mr. Tant, appeared before the court, and thereupon Mr. Tant advised the court that his client desired to withdraw his plea of not guilty and enter a plea of guilty as to all counts except two. Upon inquiry by the court, the defendant stated that it was his wish to plead guilty, and the attorney advised the court that after discussing the case in detail with his client and co-defendants who would testify in the trial, he considered the plea of guilty proper. The court accepted the plea of guilty as to fourteen counts and dismissed the other two upon motion of the United States Attorney. The sentence of the court was for imprisonment for a term of three years

each on counts one and two to run concurrently. Imposition of sentence on the remaining counts was suspended, and defendant was placed on probation for a period of five years to begin at the expiration of the three year sentence. At the time of filing his motion, defendant was serving his sentence in the United States Penitentiary at Leavenworth, Kansas.

The substance of defendant's contentions may be stated as follows: (a) The search and seizure were unlawful and illegal, and a subsequent entry of a plea of guilty would be an entry of a plea of guilty to a court without jurisdiction; (b) his plea of guilty was not free and voluntary but was induced by bad advice of his attorney, a promise of leniency or probation, and by "physcological pressure" of the arresting officers.

 The latter contention may very well be disposed of by saying that the record fails to sustain any one of the charges. There is absolutely no evidence to indicate pressure of arresting officers. A fair appraisal of defendant's own testimony refutes not only his allegation that his plea was not voluntary but also the allegation that it was induced by promises of leniency or probation. It also refutes his charge of bad advice or misrepresentation of his attorney. He changed his plea after several days consultation with his attorney. The attorney, after consultation with other witnesses as well as with the defendant, advised him to plead guilty. The defendant made the choice of either standing on his plea of not guilty and proceeding to trial or changing his plea and entering his plea of guilty. There is nothing in the record to indicate that the advice of the attorney was not good advice. No promises were made to the defendant in regard to his sentence. Defendant was not without experience in such matters. He had, over a period of years, been charged with similar offenses. On one occasion he had received a three year sentence on a similar offense. While he hoped to receive probation or as little as a year or eighteen months, he knew that he could receive at least three years. From the record it appears reasonable to believe that if the defendant had received a probated sentence he would have thought he had been well represented but having received an institutional sentence for a term of three years, he has concluded that he was "misrepresented". Mere dissatisfaction with the results obtained through the efforts of his attorney is insufficient to invoke the protection of the Sixth Amendment. See Merritt v. Hunter, 10 Cir., 170 F.2d 739; Moss v. Hunter, 10 Cir., 167 F. 2d 683.

 The contention of the defendant that the trial court was without jurisdiction to accept his plea of guilty for the reason that the search and seizure were illegal might be disposed of by saying that the defendant failed in his effort to show that the search was a violation of his constitutional rights. Although the defendant does not so allege, the record discloses that prior to changing his plea, the trial court after a hearing overruled the defendant's motion to suppress for the reason that the defendant contended that he was not in possession of the searched premises nor did he own the whiskey that was found as a result of the search. See Thomas v. United States, 10 Cir., 154 F.2d 365; Coon v. United States, 10 Cir., 36 F.2d 164; and Williams v. United States, 10 Cir., 66 F.2d 868. The present record discloses that the defendant still denies possession of the premises or ownership of the property. However, to dispose of this appeal on the theory that the defendant failed to show that the search was illegal might well be construed as recognizing the right of the defendant, under the motion filed herein, to retry the question of the validity of the search. We do not construe Section 2255, 28 U.S.C.A., as giving the defendant that right.

While the defendant has a right of appeal from an order denying him relief on his motion filed under authority of said section 2255, he may not in such an appeal seek a review of alleged error of the trial judge in denying, after hearing, a motion to suppress evidence. The purpose of the motion under said section is not to "review the proceedings of the trial as upon appeal

or writ of error, but merely to test their validity when judged·upon the face of the record or by constitutional standards." Hurst v. United States (Doll v. United States), 10 Cir., 177 F.2d 894; Crowe v. United States, 4 Cir., 175 F.2d 799; Birtch v. United States, 4 Cir., 173 F.2d 316, at page 317; Howell v. United States, 4 Cir., 172 F.2d 213. The orderly procedure for disposition of criminal cases provides a remedy to correct such errors by direct appeal. Even an erroneous ruling on such a motion does not deprive a trial court of jurisdiction to proceed further, and a sentence thereafter imposed upon a plea of guilty is "not imposed in violation of the Constitution or laws of the United States". The trial court was not "without jurisdiction to impose such sentence", and the sentence imposed was not "in excess of the maximum authorized by law." Defendant having challenged the legality of the search in the trial court prior to entry of his plea of guilty is not in a position to raise the same question in a motion filed under authority of Section 2255, 28 U.S.C.A.

The judgment of the trial court overruling the motion to vacate is affirmed.