Lewis William **WARREN**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15851.

United States Court of Appeals
Fifth Circuit.

April 19, 1956.

No appearance entered for appellant.

William O. Braecklein, Asst. U. S. Atty., Dallas, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

PER CURIAM.

 By motion under 28 U.S.Code § 2255 appellant questions the validity of

his conviction upon his plea of guilty and ten year sentence (as a third offender) for violation of 26 U.S.Code § 2593(a).[1] While he asserts that he was not properly informed of the cause and nature of the accusation against him, the record affirmatively shows otherwise. His plea of guilty, advisedly entered, precludes further inquiry into his complaints that he was improperly searched and that the government failed to prove portions of the indictment. His further complaint that the district court lacked authority to impose a prison sentence under a statute relating to taxes is patently frivolous. Finding no error in the record, the judgment is

Affirmed.

---

1. "It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 2590(a) to acquire or otherwise obtain any marihuana without having paid such tax; and proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the collector, to produce the order form required by section 2591 to be retained by him, shall be presumptive evidence of guilt under this section and of liability for the tax imposed by section 2590(a)."