Noah GRIMES, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15902.

United States Court of Appeals
Fifth Circuit.

June 27, 1956.

572

Jack J. Gautier, T. Arnold Jacobs, Macon, Ga., for appellant.

Floyd M. Buford, Asst. U. S. Atty., Frank O. Evans, U. S. Atty., Robert B. Thompson, Asst. U. S. Atty., Macon, Ga., for appellee.

Before RIVES, CAMERON and BROWN, Circuit Judges.

PER CURIAM.

The appellant, Noah Grimes, was convicted on both counts of an indictment charging him with the possession and transportation of non-tax-paid whiskey in violation of Title 26 U.S.C.A. §§ 5008 (b) (1) and 5642 (I.R.C.1954). The main question for our determination is whether federal agents assisted, partipated or cooperated in an alleged illegal search so that the evidence thus ob-

tained should have been suppressed upon appellant's motion.[1]

On March 9, 1955, Lieutenant Pearce, a Macon, Georgia police officer, and Richard Goings, a Georgia revenue agent, stopped a black Oldsmobile automobile bearing Georgia license tag No. F–20554. Both Goings and Pearce worked in cooperation with the Anti-Moonshine League of Macon; however, they testified that they had no connection with and were not working in cooperation with the Federal Alcoholic Tax Unit agents. The officers flashed a light into the automobile and Lieutenant Pearce was able to identify the appellant as the driver; but, before more could be done, the automobile was driven rapidly away. The officers gave chase and saw several cans being thrown from the Oldsmobile. These cans were recovered and were found to contain non-tax-paid whiskey. On the same day a black Oldsmobile, bearing a different license tag, but having certain identifying dents similar to those seen on the automobile stopped earlier in the day, was found at the home of Simon Grimes, appellant's father. The automobile was seized and forfeited to the United States.

On March 11th Pearce and Goings arrested appellant at his home. He was taken to the Macon City Hall where he was jailed on a charge of loitering. A card from the records of the Macon Police Department contained, along with other information, the following notation: "Hold for investigation;" "Hold for I. W. Corbitt, federal agent, checked to 14th." Shortly after placing the appellant in jail, Pearce and Goings returned to appellant's home where they searched a Cadillac automobile which was owned jointly by appellant and his mother. Under the floor mat of that vehicle was found a Georgia license plate No. F–20554, and this was the subject of the

1. This question, of course, assumes the illegality of the search by the state and local officers. Inasmuch as we are in agreement with the Court below and affirm upon the ground that this was a search by local and state officials in which the federal agents and officers took no part and did not give prior sanction, it is unnecessary to consider whether the evidence would have been admissible if obtained by the federal agents.

motion to suppress and is the subject of this appeal.

Appellant was turned over to federal officers on the day he was arrested, and a hearing was had before the United States Commissioner to determine whether he should be committed. At the hearing on appellant's motion to suppress, the Court heard testimony by Grimes, Pearce, Goings and Agent Corbitt of the Alcoholic Tax Unit. This evidence generally established the facts as outlined above. Thereafter appellant asked leave of the Court to bring in the police sergeant who was on duty at the time Grimes was jailed. This evidence was sought to be introduced for the purpose of identifying who had made the notations upon the police records and when they were made. The Court refused to allow the police sergeant to be brought in on the ground that his testimony could not affect the nature of the search inasmuch as the testimony of Corbitt, Goings and Pearce showed that federal authorities had nothing to do with the search. They had given no prior authority and did not lend actual or constructive assistance.

 We think the Court below properly refused to suppress the evidence obtained through the search of appellant's automobile. "Where, as here, the search is made wholly by state officers, acting solely under state law, no federal officers being present, the search was not instigated nor participated in by federal officers, and there was no assistance, cooperation or collaboration by federal officers, the evidence obtained by such search, even though the search was unauthorized, is admissible in a prosecution by the United States based upon the illegal acquisition of the articles found by the search." Burford v. United States, 5 Cir., 1954, 214 F.2d 124, 125.[2] Here, there was no evidence tending to show any participation or cooperation on the part of federal officers in connection with the search of appellant's automobile or

suggesting that the state and local officers were agents of the United States. Therefore, the Court below properly refused to suppress the evidence thus obtained. Cf. Gambino v. United States, 1927, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293.

 Moreover, there was no error in the Court's refusal to delay the hearing on the motion to suppress so as to allow appellant to bring forward as a witness the Macon police sergeant on duty at the time Grimes was jailed. Obviously the testimony to be supplied by this witness was immaterial and would not have tended to show such cooperation or participation by federal agents or officers as would be necessary to support appellant's motion.

We see no merit in the other errors alleged by appellant and, for the reasons heretofore stated, the judgment appealed from is

Affirmed.

---

2. See also Shurman v. United States, 5 Cir., 1955, 219 F.2d 282, and Johnson v. United States, 5 Cir., 1953, 207 F.2d 314.