Joseph Morris **KENNEDY**

v.

**UNITED STATES of America.**

**No. 16800.**

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1957.

Joseph Morris Kennedy, in pro. per. and Chester E. Wallace, Atlanta, Ga., for appellant.

William C. Calhoun, U. S. Atty., Augusta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

■ This is an appeal from an order by the District Court denying without a hearing appellant's petition to vacate judgment and set aside sentence under authority of 28 U.S.C.A. § 2255. When such a petition is filed it is the duty of the trial court to conduct a hearing, "determine the issues and make findings of fact and conclusions of law with respect thereto," unless "the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief." (Emphasis added.)

The petition alleges that after only 20 minutes conference with his attorney, employed for him by relatives, and after the attorney had already, before ever seeing him, agreed to enter a plea of guilty, such plea was entered "without full understanding of petitioner." It appears from the record of the trial court that, although the appellant was in court on February 20, 1952, and his counsel stated in open court that he had agreed to enter a plea of guilty, the plea was actually signed by counsel on February 21st, on which day none of the parties were in court. The record discloses no arraignment and no explanation of the serious charges, including a capital offense, to the prisoner and no inquiry of the prisoner himself by the court as to his understanding of the charges against him. The printed form of waiver of arraignment and plea was signed by counsel alone on the date following the appellant's appearance in court.

Subsequently, six days later, the court reconvened in order to permit both parties to present to the jury their evidence bearing on the question whether punishment of death should be fixed under the charge of kidnapping set out in 18 U.S.C.A. § 2113. Again, the record is silent as to any matter that would bear on the understanding of the prisoner as to the full nature of the charges against him. Following this trial the jury found against the death penalty and the trial court set a sentence of forty years for the conviction on the four counts under 18 U.S.C.A. § 2113(a) (b) (d) and (e), the bank robbery statute.

■ Before a trial court may accept a plea of guilty it must first determine that the plea is made voluntarily and with understanding of the nature of the charge. Rule 11, Rules Crim. Proc., 18 U.S.C.A. We have heretofore held that in the discharge of this duty the court does not have to follow any prescribed formula or that any specific finding of such facts must be entered in the record. Shelton v. U. S., 5 Cir., 246 F.2d 571. Where, however, a motion under § 2255 asserts that a plea of guilty was entered without the understanding of the prisoner and the record does not conclusively refute the contention, the motion may not be dismissed without a hearing. Such is the case here. Nothing in the motion (which has not been answered by the Government), the "files" or the "record" "conclusively show(s)" that the prisoner is entitled to no relief. Whether he entered the plea voluntarily through his counsel and whether he did so with an understanding of the nature of the offense under the particular circumstances here present are questions of fact which must be resolved by the trial court on a hearing. Of course, a finding by the court on this issue is "then entitled to the same right and respect on appeal as is any other facts determination, which it is the court's duty to make. Shelton v. United States, supra.

The order of the trial court dismissing the motion without a hearing is Reversed and the case is Remanded for further proceedings not inconsistent with this opinion.