**Charlie WEST, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17266.**

United States Court of Appeals
Fifth Circuit.

Oct. 24, 1958.

S. B. Wallace, Griffin, Ga., for appellant.

James W. Dorsey, U. S. Atty., J. Robert Sparks, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

PER CURIAM.

The appellant was convicted of possessing liquor on which the Federal tax had not been paid, in violation of 26 U.S.C.A. § 5008, and of removing, depositing and concealing the liquor in violation of 26 U.S.C.A. § 7206. He has appealed from the conviction.

 Appellant complains of the search and seizure of the automobile in which the liquor was found. The search and seizure were made by officers of the State of Georgia acting independently. The search and seizure were not invalid under the Federal law. Scotti v. United States, 5 Cir., 1952, 193 F.2d 644; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652.

Over appellant's objection one of the State officers who participated in the arrest was permitted to testify that the appellant had offered him a bribe not to make a Federal case. The court properly cautioned the jury as to the consideration which might be given to such evidence. No error was committed. Montgomery v. United States, 5 Cir., 1953, 203 F.2d 887; Hubby v. United States, 5 Cir., 1945, 150 F.2d 165.

The appellant was taken from Fayetteville, Georgia, which is distant about three miles from the place of the arrest, to Atlanta, where the office of the United States Commissioner was located. En route the appellant made statements to the officers admitting the ownership of the liquor. Testimony as to the statement was admitted in evidence. The appellant, relying upon McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, asserts this was error and that a confession obtained before taking a prisoner before a Commissioner is in-valid. Here there was no delay in bringing the appellant before the Commissioner. The confession was shown to have been voluntarily made and no evidence indicated otherwise. The rule of the McNabb and Mallory cases does not apply. United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140; Perry v. United States, 1957, 102 U.S.App.D.C. 315, 253 F.2d 337, certiorari denied 356 U.S. 941, 78 S.Ct. 785, 2 L.Ed.2d 816.

The officers testified that all of the confiscated liquor was destroyed except one jar which was taken to a laboratory for analysis. There is no merit in the appellant's contention that the officers' testimony about the liquor was not the best evidence. Dicks v. United States, 5 Cir., 1958, 253 F.2d 713.

Finding no merit in the claims of the appellant, the judgment of the district court is

Affirmed.