Joseph Morris KENNEDY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17219.

United States Court of Appeals
Fifth Circuit.

Oct. 24, 1958.

Rehearing Denied Dec. 17, 1958.

Shelby Myrick, Sr., Shelby Myrick, Jr., Savannah, Ga., for appellant.

William C. Calhoun, U. S. Atty., Augusta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This is the second appearance of this case here. Kennedy filed his Section 2255 motion for vacation of his conviction and sentence to 40 years on four counts of violating the bank robbery statute. The trial court dismissed the motion without a hearing. Kennedy appealed. Because the record did not "conclusively show that the prisoner [was] entitled to no relief" we reversed and remanded for a hearing, Kennedy v. United States, 5 Cir., 249 F.2d 257.

The trial court then appointed able and energetic counsel to represent Kennedy on the hearing of his Section 2255 motion. The record now before us is full and complete, not only as to the original proceedings leading up to the entry of the plea of guilty and the subsequent sentence, but also as to the hearing itself. Counsel was afforded adequate opportunity to prove any facts bearing on the basic claim asserted by Kennedy— that his plea of guilty entered to all four counts of the indictment was void because it was entered under circumstances which denied him effective representation by counsel.

The circumstances proved on the hearing are: Kennedy admitted committing the acts on which the indictments were based; that is, he entered a bank in Savannah and under the threat of firearms caused an employee of the bank to give him $5,000 and then forced the employee to accompany him to a parked automobile and drive it away for several blocks, where he was released; he made good his escape to California, but soon thereafter he voluntarily surrendered and gave a confession for the purpose of being returned to Savannah, Georgia, for trial; in the meantime his family in Savannah engaged a lawyer to represent him and this lawyer stated to the court, approximately a week before Kennedy returned to Savannah and thus without any consultation with him, that he would plead guilty; Kennedy was returned the evening before the case was to be disposed of on the calendar. Counsel appeared with Kennedy in court and requested postponement on the ground that he had had only twenty minutes before court to consult with his client. Pointing out that one count, the so-called kidnapping count, could result in the death penalty if so determined by the jury, counsel requested additional time. The court, reminding counsel that he had previously indicated his intention to plead

guilty and that if he now entered his plea the court would set over the trial of the punishment issue on the kidnapping count, suggested this course of action, stating, however, that it was not requiring counsel to enter a plea of guilty.

During this colloquy the accused sat beside his counsel and addressed neither the court nor counsel. He and his counsel testified on the hearing of this motion that they had not discussed the several counts or the fact that one of them involved a possible death penalty. There was evidence to the effect that the appellant did know by this time that such an issue was involved. Without a formal arraignment and without asking the accused whether he knew the nature of the charges against him, the court thereupon, having suggested that counsel enter the plea he had previously announced it his purpose to enter, permitted counsel to sign a waiver of arraignment and a plea of guilty to all four counts.

When this was done the court then announced postponement of the jury trial on degree of punishment to a day a week later agreed on by counsel.

Thereafter, on the day following entry of the plea, other counsel was employed to assist in the trial of the jury issue. Before the jury trial it is clear that Kennedy knew that the pleas entered on his behalf included one involving a possible death penalty. Neither counsel made any motion to withdraw the plea. The jury found against the death penalty. Thereupon the court sentenced Kennedy to a total term of 40 years.

The appellant undertook to clear up on the trial below the question that was not clear when the case was here before; that is: was the plea entered in the presence of the accused in open court? All parties here agree that it was so entered under the circumstances heretofore recited.

On the conclusion of the hearing on the motion, the trial court found:

"Petitioner entered his plea of guilty to the Government's indictment in open court, through his able attorney, Abe Tenenbaum, and in defendant's presence, with full understanding of the charges pending against him, and was aware of the type of sentence that could be imposed in the case, and also, during the actual trial had the services of a competent, experienced criminal lawyer, John J. Sullivan, who had discussed at length with petitioner before the trial the charges pending against him, and the consequences of his entering a plea of guilty to the same."

■ Rule 11 of the Federal Rules of Criminal Procedure provides that the court shall not accept a plea of guilty "without first determining that the plea is made voluntarily with understanding of the nature of the charge." 18 U.S. C.A., F.R.C.P. Rule 11. The rule does not prescribe any formula for such finding by the trial court, Kennedy v. United States, 5 Cir., 249 F.2d 257; Shelton v. United States, 5 Cir., 246 F.2d 571. We think the above finding satisfies that requirement.

■ Under the proven circumstances that existed at the time of entry of the plea of guilty on May 21st, at which time counsel was asking the court for additional time to consult with his client, whom he had conferred with for only 20 minutes, it would be difficult in the extreme to sustain a finding that the accused voluntarily and with understanding entered a plea of guilty to the four counts, including one involving a possible death penalty. However, in light of the right of an accused under Rule 32(d) to move for the withdrawal of a plea of guilty, and since counsel of Kennedy's own selection, of unquestioned competence, was actively representing him during the intervening week and during the trial of the punishment issue, we think appellant has fully acquiesced in the action taken by his original counsel in entering the plea before more complete discussion of the matters involved. The record as finally made causes us to conclude that there was no deprivation of the constitutional right to have effective

representation of counsel; it follows from this that counsel's action in entering the plea is binding on the appellant.

■ Ordinarily, unless a convicted prisoner on habeas corpus or Section 2255 petition alleges and proves misconduct of his counsel amounting to a breach of his legal duty faithfully to represent his client's interests, the defendant in a criminal case is bound by the acts of his counsel. Otherwise the courts would be required to try out the ability and competence of counsel whenever a person was convicted and thereafter complained that his lawyer was incompetent. Cf. Gray v. Ellis, 5 Cir., 257 F.2d 159. The requirement that an accused have effective assistance of counsel does not require the habeas corpus court to ascertain whether personally selected counsel was well qualified in the performance of his duty.

■ We think the other grounds asserted by diligent counsel who not only assisted Kennedy in the hearing below but ably briefed and argued the appeal before us must fall with our holding that the constitutional right to counsel was afforded. The failure to arraign, alleged defects in the indictments and asserted failure to call upon appellant to make a statement in his own behalf are matters which can be waived by the accused, and such waiver if made by counsel is binding on him.

■ Government counsel frankly conceded in oral argument that the total punishment of 40 years is severe. Such severity as exists is, however, permitted under the applicable statutes, and even when present does not give rise to a constitutional issue. The trial court had several opportunities to consider the length of imprisonment he deemed appropriate in the circumstances of the case. His conclusion that the admitted bank robbery, coupled with the taking of the officer under threat of death to facilitate his escape, warranted a sentence of 40 years was within his province to make.

The judgment is affirmed.