**Paul A. KENDALL and Ruth Elder Kendall, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 17649.**

United States Court of Appeals Fifth Circuit.

Nov. 30, 1959.

Rehearing Denied Jan. 12, 1960.

------♦------

Wesley R. Asinof, Atlanta, Ga., for appellants.

J. Robert Sparks, John W. Stokes, Jr., Asst. U. S. Attys., Charles D. Read, Jr., U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, CAMERON and JONES, Circuit Judges.

CAMERON, Circuit Judge.

Appellants Paul and Ruth Kendall were named in a three-count indictment alleging violations of the internal revenue laws relating to the production of spirituous liquors.[1] Trial was before court and jury in the United States District Court for the Northern District of Georgia. Ruth Kendall was found guilty on Count One and imposition of sentence deferred for two years during which time she was placed upon probation. Paul Kendall was convicted on all three counts and received a sentence of two years' imprisonment. The appeal is from these judgments.

The convictions were based in part on the use in evidence against the appellants of certain property, to-wit, one upright boiler, 21 barrels, a quantity of fruit jars, one fuel oil heater, sugar, two electric fans, and 3,010 gallons of mash. Before the trial the appellants moved to suppress that evidence as having been obtained through an unlawful search and seizure. The district court found that, under the facts contained in the affidavits filed in support of and in opposition to the motion, the search and seizure were not invalid under federal law.[2]

At the conclusion of the Government's evidence the appellants renewed the motion to suppress the evidence and the motion was again denied upon consideration by the court of the facts presented by the evidence. This appeal is grounded exclusively upon the lower court's denial of the appellants' motions to suppress, appellants' attorney having made no objection to the court's charge to the jury and having waived argument before the jury. The sole and determinant question presented, then, is whether the district court committed reversible error in denying the appellants' motions to suppress the evidence.

The salient facts, as found by the district court in its consideration of the appellants' motions to suppress, are these:

On July 28, 1958, a revenue agent of the State of Georgia received information that an illicit distillery was being operated in a rural farmhouse in Rockdale County, Georgia, approximately twenty-five miles from the City of Atlanta. Other officers were subsequently notified and a raiding party of five state revenue agents and two Atlanta police officers proceeded to the vicinity of the

---

1. Count One charged possession of an unregistered still in violation of 26 U.S.C. § 5601; Count Two charged the production of mash in violation of 26 U.S.C. § 5216; and Count Three charged the carrying on of the business of a distiller with intent to defraud the United States in violation of 26 U.S.C. § 5606.

2. In so ruling, the district court relied primarily on Scotti v. United States, 5 Cir., 1952, 193 F.2d 644; Weeks v. United States, 1914, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; and West v. United States, 5 Cir., 1958, 259 F.2d 868.

suspect dwelling, arriving there at approximately 8:00 p. m. So as to have the advantage of darkness, the officers waited until 9:00 p. m., at which time five of the group moved toward the house. In the course of this approach the agents waded through spilt mash running downhill from the dwelling, and at a point approximately fifty yards from the house, the outline of a boiler and still could be seen through an open side door, and the sound of a running motor could be heard. Without the consent of the appellants or the authority of a search warrant, the officers entered the building through a rear window, arrested the appellants, searched the house, and seized the evidence here in issue.

The appellants were taken to jail in Atlanta by two of the state officers and ordered held for federal officials. The state agents then contacted federal agents, notified them of the occurrences, and arranged to take two of the agents to the farmhouse, where the other state officers had remained. These federal and state officers then proceeded to a point near the farmhouse where they waited until 6:00 a. m., at which time, in response to a radio call from the state officers who had remained with the still during the night, they proceeded to the farmhouse, destroyed the still and took possession of the seized evidence.[3] The appellants were never charged in a state court. The prosecution of this cause was taken over by the federal officers after the arrest, search and seizure had been consummated by state officers without any participation of any federal officer.

The appellants contend, first, that regardless of whether or not there was participation by federal officers, evidence obtained illegally in violation of the United States Constitution is inadmissible when offered in a federal court even though such evidence would have been admissible in the courts of the state where obtained. In support of this contention, sole reliance is placed upon Hanna v. United States, 1958, 104 U.S. App.D.C. 205, 260 F.2d 723, which purported to follow the decision of the Supreme Court in Wolf v. People of State of Colorado, 1949, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782. Conceding arguendo that the Hanna decision correctly interpreted the law as set forth in the Wolf case, it is appropriate to point out that, since the Wolf decision was rendered, the Supreme Court, as well as several Courts of Appeal, have not accepted it as a repudiation of the doctrine set forth in Weeks v. United States, 1914, supra. To the contrary, recent decisions involving search and seizure reveal clearly that the Supreme Court and the majority of the circuits have remained firm in adhering to the teachings of the Weeks decision.[4]

The issue presented in the case at bar must, therefore, be decided in accordance with the principles of law set forth in Weeks v. United States, supra, which have guided this Court in other controversies on this subject.[5] The facts as found by the district court are, in our

---

**3.** In the course of their all-night vigil within the farmhouse, the state agents arrested one Hubert Mabry who had arrived there in a 1953 model automobile, which had the back seat out, was equipped with heavy springs, and had an exhaust fan in the back seat compartment. Upon their arrival the federal officers also took custody of this prisoner. The arrest of Mabry has no bearing on the issues presented on this appeal.

**4.** Cf. Irvine v. People of State of California, 1954, 347 U.S. 128, 136, 74 S.Ct. 381, 98 L.Ed. 561; Lustig v. United States, 1949, 338 U.S. 74, 69 S.Ct. 1372,

93 L.Ed. 1819; West v. United States, 5 Cir., 1958, 259 F.2d 868; Watson v. United States, 5 Cir., 1955, 224 F.2d 910; Fredericks v. United States, 5 Cir., 1953, 208 F.2d 712; Serio v. United States, 5 Cir., 1953, 203 F.2d 576, certiorari denied 346 U.S. 887, 74 S.Ct. 144, 98 L.Ed. 391; Scotti v. United States, 5 Cir., 1952, 193 F.2d 644; Jones v. United States, 8 Cir., 1954, 217 F.2d 381; United States v. Moses, 7 Cir., 1956, 234 F.2d 124; Gallegos v. United States, 10 Cir., 1956, 237 F.2d 694.

**5.** See the Fifth Circuit cases in Footnote 4 supra.

opinion, clearly supported by the affidavits and the testimony of the witnesses upon trial of the case.[6] It is equally clear that, under the doctrine of Weeks, inasmuch as federal officers did not participate in the proceedings leading up to the arrest and seizure, the evidence was admissible in a proceeding in a federal court.

Concluding as we do that the evidence in issue here was admissible under the findings of the trial court, its judgment is

Affirmed.

6. Cf. Gila Valley, G. & N. R. Co. v. Hall, 1913, 232 U.S. 94, 34 S.Ct. 229, 58 L. Ed. 521, and Steward v. Atlantic Refining Co., 3 Cir., 240 F.2d 715.