Raymond G. **ALEXANDER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 18313.

United States Court of Appeals
Fifth Circuit.

May 4, 1961.

Raymond G. Alexander, in pro. per.

Arthur L. Luethcke, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before TUTTLE, Chief Judge, and JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant, by a motion filed pro se pursuant to 28 U.S.C.A. § 2255, sought to vacate a sentence imposed upon him for a violation of the narcotics tax statute. The record shows that on February 27, 1958, police officers of the City of San Antonio, Texas, entered his hotel room without his consent and without a search warrant and there seized 15⅙ grains of morphine sulphate and 3¼₆ grains of dilaudid. A grand jury of the United States District Court for the Western District of Texas returned a two-count indictment against the appellant, the first count charging unlawful interstate transportation of the morphine sulphate, and the second count charging the unlawful purchase of the dilaudid otherwise than from an original stamped package. The appellant, represented by an attorney of his own choice, filed a motion for the suppression of the seized narcotics. On the case being called for trial, the motion was denied and the trial proceeded. The narcotics, procured by the police search, were offered and received in evidence over objection. At the conclusion of the Government's case the appellant, acting through his attorney, moved for a directed verdict on the second count of the indictment. The motion was granted.

Upon the granting of the motion for a directed verdict upon the second count, the appellant withdrew his plea of not guilty on the first count and entered a plea of guilty. It is from the judgment and sentence on the plea of guilty that relief is here sought. The appellant, by his motion, has asserted that he was told by his attorney that, having lost on his motion to suppress, he had no chance for an acquittal by the jury and that a plea of guilty would leave the court with "a better taste in its mouth". It is said by the appellant that at the time of the entry of his guilty plea he had insufficient time to realize the full impact of changing his plea. He also states, in his motion, that at the time he entered his plea of guilty he was suffering from withdrawal pains because of being deprived of narcotics to which he was addicted. The district court, without a hearing, denied the motion to vacate the sentence and this appeal is from that order.

It is the appellant's position that the denial of his motion to suppress and the admission in evidence against him of the seized narcotics were in violation of his constitutional rights. The appellant urges that his plight with the illegal evidence pending against him, coupled with the physical and mental anguish caused by his being deprived of narcotics, resulted in the plea of guilty being coerced and involuntary. In a slightly different approach the appellant says that he was undergoing physical and mental torture by reason of having been deprived of narcotics, to which he was addicted, and was incompetent to make a voluntary and intelligent plea of guilty.

At the time the appellant entered his plea it might well have been believed that the United States had the right, in a criminal prosecution, to introduce evidence improperly seized by state officers operating entirely on their own account. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A.1915B, 834; Center v. United States, 267 U.S. 575, 45 S.Ct. 230, 69 L.Ed. 795; Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Manning v. United States, 5 Cir., 1960, 274 F.2d 926, reversed on rehearing 5 Cir., 280 F.2d 422; Huff v. United States, 5 Cir., 1959, 273 F.2d 56; Kendall v. United States, 5 Cir., 1959, 272 F.2d 163; Papworth v. United States, 5 Cir., 1958, 256 F.2d 125, certiorari denied 358 U.S. 854, 79 S.Ct. 85, 3 L.Ed.2d 88, rehearing denied 358 U.S. 914, 79 S.Ct. 239, 3 L.Ed.2d 235; Henderson v. United States, 5 Cir., 1956, 237 F.2d 169, 61 A.L.R.2d 666; Grimes v. United States, 5 Cir., 1956, 234 F.2d 571; Watson v. United States, 5 Cir., 1955, 224 F.2d 910; Helton v. United States, 5 Cir., 1955, 221 F.2d 338; Shurman v. United States, 5 Cir., 1955, 219

F.2d 282, certiorari denied 349 U.S. 921, 75 S.Ct. 661, 99 L.Ed. 1253. After the decisions of the Supreme Court in Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669, Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688, Euziere v. United States, 364 U.S. 282, 80 S.Ct. 1615, 4 L.Ed.2d 1720, and Camara v. United States, 364 U.S. 283, 80 S.Ct. 1619, 4 L.Ed.2d 1720, it would have been error to admit the evidence procured by a search which, had it been conducted by federal officers, would have been unlawful.

■ If the appellant had submitted his guilt or innocence to a jury and had been convicted we would, of course, guided by Elkins, reverse the conviction. Even in such a case the question could only be considered on appeal and could not be properly raised in a proceeding under Section 2255, Kinney v. United States, 10 Cir., 1949, 177 F.2d 895. However, the error of the trial court was removed from our consideration by the plea of guilty, assuming of course that the plea was advisedly and voluntarily made. Warren v. United States, 5 Cir., 1956, 232 F.2d 629. The mistake of appellant's counsel, if mistake it was, in recommending a plea of guilty, cannot be corrected by us. The entry of the plea of guilty on counsel's recommendation will not be set aside merely because the recommendation was based upon a legal opinion which subsequent events proved wrong. The complaint of a convicted prisoner that he was not properly represented by counsel of his own choice can only be sustained where the attorney's conduct amounts to a breach of a legal duty. Kennedy v. United States, 5 Cir., 1958, 259 F.2d 883, certiorari denied 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982. A reliance, prior to Elkins, upon the doctrine announced by Weeks, can hardly be considered misconduct. Having been unsuccessful in suppressing the evidence by which the appellant's guilt was established, his counsel recommended a plea of guilty with the hope of obtaining a lesser sentence than he feared might result from a verdict of guilty.

Cf. Martin v. United States, 5 Cir., 1958, 256 F.2d 345, writ denied 358 U.S. 921, 79 S.Ct. 294, 3 L.Ed.2d 240. The strategy, viewed as a calculated risk, as of the time of the plea, cannot be criticized.

■ The appellant, in his motion, says that he was in such a mental condition as rendered him unable to enter a plea of guilty knowingly and intelligently. He says that he was not able, because of being deprived of narcotics, to understand the consequences of his act. Cf. Edwards v. United States, 1958, 103 U.S.App. D.C. 152, 256 F.2d 707. It may seem improbable that the appellant could have been suffering to the extent now claimed without it being known to the court or to counsel, or both. We are, however, confronted with the allegations that he was incompetent. The charges are inartfully drawn. They may appear implausible. However, they are unrefuted in the record before us unless by an inference drawn from the district court's opinion, recited in its order, that the appellant was entitled to no relief. The averments of the petition are similar to those considered by this Court in Gregori v. United States, 5 Cir., 1957, 243 F.2d 48. In the Gregori case, there was a trial and a jury verdict of guilt, while here we consider a plea of guilty. In Gregori the alleged incompetency was continuing; here it is said to be of a kind that would only be temporary. These differences do not seem to require the application of different principles. In Gregori it was said that "a mere consideration by the trial court of the motion, answer, and the documents attached thereto or in the file does not constitute the hearing contemplated by § 2255, at least not unless the court does 'determine the issues and make findings of fact and conclusions of law with respect thereto.'" 243 F.2d 54. As was decided in Gregori, so we decide here that it was not determined, and without a hearing could not have been properly determined, that the appellant had the mental competency to enter a guilty plea. It then follows that the order of the district court must be

reversed and the motion be remanded for a hearing.

Reversed and remanded.

JOHN R. BROWN, Circuit Judge (concurring specially).

I concur in the result and all of the opinion except one sentence. The Court states, and correctly so: "If the appellant had submitted his guilt or innocence to a jury and had been convicted we would, of course, guided by Elkins, reverse the conviction." Then follows the sentence which I deem to be erroneous:

"Even in such a case the question could only be considered on appeal and could not be properly raised in a proceeding under Section 2255, Kinney v. United States, 10 Cir., 1949, 177 F.2d 895."

The basis of my difference is revealed in the Kinney case itself. In holding what our Court now states above, the Tenth Circuit had this to say. "The purpose of the motion under said section [§ 2255] is not to 'review the proceedings of the trial as upon appeal * * * but merely to test their validity when judged upon the face of the record *or by constitutional standards.*'" (Emphasis added.) 177 F.2d 895 at pages 897–898.

Repudiation of the silver platter doctrine by Elkins was bottomed directly on the Federal Constitution. The Court in Elkins after commenting that admission of such illegally obtained evidence would cause "the federal courts" to "be accomplices in the willful disobedience of a Constitution they are sworn to uphold," the Court states its positive holding. "For these reasons we hold that evidence obtained by state officers during a search which, if conducted by federal officers, would have violated the defendant's immunity from unreasonable searches and seizures under the Fourth Amendment is inadmissible over the defendant's timely objection in a federal criminal trial. * * *" 364 U.S. 206 at page 223, 80 S.Ct. at page 1447.

The companion case of Rios v. United States, 1960, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688, speaks in like terms. "As in most cases involving a claimed unconstitutional search and seizure, resolution of the question requires a particularized evaluation of the conduct of the officers involved." 364 U.S. 253, at page 255, 80 S.Ct. at page 1433. Later on the Court stated: "Under these principles the inquiry in the present case will be narrowly oriented. The seizure can survive constitutional inhibition only upon a showing that the surrounding facts brought it within one of the exceptions to the rule that a search must rest upon a search warrant." 364 U.S. 253, at page 261, 80 S.Ct. at page 1436.

The result is that Elkins has now raised to a constitutional plane that which was formerly a mere matter of trial error. Under Kinney, and a host of like decisions, this constitutional question, is in a proper case, within the reach of § 2255.