Joel A. BURNS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19646.

United States Court of Appeals
Fifth Circuit.

Sept. 27, 1963.

O. B. Cline, Jr., Miami, Fla., for appellant.

Victor C. Woerheide, Atty., Dept. of Justice, Washington, D. C., Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., Edith House, U. S. Atty., Werner Goldman, Attorney, Securities and Exchange Commission, of counsel, for appellee.

Before BROWN, GEWIN and BELL, Circuit Judges.

GEWIN, Circuit Judge.

This is an appeal from rulings of the District Court for the Southern District of Florida, denying post conviction motions seeking, in essence, a reversal of pre-conviction rulings holding that the appellant is not immune from criminal prosecution.[1] The appellant Burns, along with a number of others, was indicted in the Southern District of Florida for violations of the Securities and Exchange Act. Burns was also a defendant in two criminal cases in the District of Utah involving substantially the same transactions. Prior to his trial in Florida, Burns filed numerous motions seeking, among other things, to quash the indictment, and to sever and transfer the cause to Utah so that it might be consolidated with the cases pending in Utah.

These motions and the court's rulings on them are far too numerous and voluminous to merit individual elaboration in this opinion. We have considered all of them. After a careful review of the record and briefs before us, we have concluded that the District Court did not abuse his discretion, and committed no harmful error in his handling of any of the various motions. We find no merit in the errors specified.

1. Numerous motions were filed in the trial court before the defendant finally entered a plea of guilty.

■ While not of controlling importance in this case, we feel it appropriate to mention the fact that some of the proceedings in this case were not recorded by the official court reporter as required by 28 U.S.C.A. § 753(b).[2] For example, counsel for appellant makes an affidavit in which he states that at a hearing before the trial judge on the 5th day of January 1962, seeking a transfer of the cause pursuant to the provisions of Rule 21(b) F.R.Crim.P., it was his understanding that the Court made an oral ruling stating that he would transfer the cause to the State of Utah. This affidavit conflicts with the action actually taken by the trial judge as shown by order dated January 10, 1962 (filed January 12, 1962) wherein he ordered only that the 36th count of the indictment be severed and transferred to the U. S. District Court for the District of Utah. We do not approve of the practice of failing to comply with the code section mentioned. It should be followed by trial courts. In this case we do not find prejudicial error; and failure to comply with the statute is not error per se. Fowler v. United States, 5 Cir., 1962, 310 F.2d 66; Strauss v. United States, 5 Cir., 1963, 311 F.2d 926; Addison v. United States, 5 Cir., 1963, 317 F.2d 808.

The claim of immunity from prosecution, which is entwined in all of the pretrial and post conviction motions, and pursued so diligently on this appeal, commands our careful attention. The claim of immunity is based on the following statute:

Title 15 U.S.C.A. § 77v(c):

"No person shall be excused from attending and testifying or from producing books, papers, contracts, agreements, and other documents before the Commission, or in obedience to the Subpoena of the Commission or any member thereof or any officer designated by it, or in any cause or proceeding instituted by the Commission, on the grounds that the testimony or evidence, documentary or otherwise, required of him, may tend to incriminate him or subject him to a penalty or forfeiture; but no individual shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he is compelled, after having claimed his privilege against self-incrimination, to testify or produce evidence, documentary or otherwise, except that such individual so testifying shall not be exempt from prosecution and punishment for perjury committed in so testifying."

On September 16, 1957, Burns was asked by the Securities & Exchange Commission to give testimony in a criminal investigation of the Columbus-Rexall Oil Company, in which he had recently been an officer and director. Burns through his attorney claimed that the Commission's order was too broad to give him proper notice as to the subject and scope of the inquiry on which he was to be interrogated, and he therefore claimed his constitutional privilege against self-incrimination. Burns' attorney made the following request:

"Let the record show that if the Commission will grant Mr. Burns immunity from any possible prosecution as a result of any answers he might give during the course of this proceeding, that he will be delighted to comply with the requests of the staff of the Commission."

The Commission Examiner replied:

"Mr. Lee: Let the record show that this office has no authority at this time to extend to you, Mr. Burns, the immunity provided by section

---

2. This section provides as follows:
"One of the reporters appointed for each such court shall attend at each session of the court and at every other proceeding designated by rule or order of court or by one of the judges, and shall record verbatim by shorthand or by mechanical means: (1) all proceedings in criminal cases had in open court * * *."

21(b)[*] of the Securities Act of 1933.

"Let the record show further that [we] ceased our interrogation then where you claimed your privilege against self-incrimination."

Over three years later on October 24, 1960, Burns was served with a subpoena duces tecum from the Commission commanding him to appear and produce:

"All original correspondence, memoranda, books and other records, of whatever nature, or copies thereof, of or pertaining to Columbus Rexall Consolidated Mines Company or Columbus-Rexall Oil Company and the predecessors or successors thereof; Beachline Production Corporation, a Nevada Corporation, Adaven Oil Company, a Nevada Corporation; Titan Uranium, Inc., a Nevada Corporation; Great Chief Uranium Company, a Nevada Corporation; San Rita Oil, Inc., a Utah Corporation; United Caribbean Oil and Mining Enterprises, Inc., a Liberian Corporation; United Caribbean Oil, Inc., a Cuban corporation; and Albercalif Petroleum, Ltd., a Canadian corporation, of Long Beach, California, which may be held in your possession, custody or control.

"The books, papers and documents to be produced shall include, but are not of necessity limited to; articles of incorporation; letters; memorandums; journals or other records of original entry; ledgers, bank deposit slips; bank statements; cancelled bank checks; purchase and sale contracts; deeds; leases; assignments; minutes of meetings of stockholders and directors; capital stock certificates, issued and unissued, cancelled or uncancelled; lists of stockholders; capital stock ledgers; and other records; capital stock issuance and transfer data and instructions; invoices; statements of account; income tax returns; tax statements; and vouchers."

The subpoena contained the customary clause, "Fail not at your peril". Burns responded to the subpoena by turning over various material including his personal diary and other personal records. Thereafter, he appeared before the Commission and testified on two different occasions. Each time he was informed by the examining officer of his privilege not to testify, if to do so would tend to incriminate him. Burns concedes that he was never specifically granted or promised immunity, orally or otherwise, by anyone connected with the S.E.C. He does claim that based on information given him by his attorney, just after the first contact with the S.E.C. in September of 1957, he believed that the issuance of the subpoena duces tecum by the S.E.C. constituted an acceptance of his aforementioned offer of testimony in return for immunity. He claims that notwithstanding the continued and repeated advice and warning by the examining officers of his privilege not to testify, he believed that immunity attached as soon as he got the subpoena; and that the material produced in response thereto and his testimony at the hearings were protected by the above quoted statute.

Burns was indicted in the Southern District of Florida on May 31, 1961. On January 12, 1962, one count of the indictment was transferred to Utah. On January 26, 1962, with the advice of experienced counsel, Burns entered guilty pleas to two counts of the indictment, and the remaining counts were dismissed. On February 15, Burns moved for leave to substitute a nolo contendere plea for the guilty pleas, alleging that he felt a guilty plea would bar appellate review of his claim of immunity. On the following day, February 16, when the case came on for sentence proceedings, Burns withdrew the motion to substitute. His attorney stated to the court:

"Your Honor, there is a pending motion in this matter, but after con-

[*] § 22(c) evidently intended.

sultation with Government counsel and with the defendant, we withdraw that motion."

The court entered appropriate judgment pursuant to the pleas of guilty and sentenced Burns to two years under each count. The sentences were suspended and were to run concurrently. In addition, a $10,000.00 fine was imposed.

After sentence Burns filed a motion to withdraw the pleas of guilty and to vacate the adjudication of guilt and sentence, alleging that the purpose of the motion "is to correct manifest injustice as provided for in * * * Rule 32(d) of the F.R.Crim.P." [3] The motion alleged that manifest injustice had been done in that on February 16, the very day he was convicted and sentenced in the Florida court under his guilty pleas, the Utah court had recognized Burns' claim of immunity and had dismissed the indictments pending there. There was no claim of innocence or coercion in the filing of the guilty pleas. No other grounds on which to predicate "manifest injustice" were alleged. In fact, there has been no denial of guilt at any point, including this appeal. That appellant concedes his guilt is shown in a clemency plea made by his attorney at the sentence proceedings:

"This man is now 37 years of age. At the time of the offense charged here to which he has entered a plea, he was 31 years of age. I think he became involved by a matter of flattery. * * * He did not at the time feel that he was doing anything improper. He was doing pretty much what he was being directed to do by older and more experienced persons."

Three additional motions were made, all seeking to have the adjudication of guilt vacated on the ground that appellant was immune from prosecution at the time he entered guilty pleas and was convicted.

All of these post conviction motions were denied.

In one of the pre-trial hearings on a motion to dismiss based on the claim of immunity, the District Judge found that Burns' delivery of his personal records was a voluntary act and was not done in response to the subpoena duces tecum:

"In reference to the motion of Mr. Burns concerning his claim of immunity, based on the law as I have been able to read it yesterday afternoon, I am of the opinion that while he had generally asserted his claim of privilege in the initial hearing, that it is not carried forth into the subsequent hearings, and at the time that he delivered certain allegedly personal records when he was subpoenaed, under the reasoning in Landy v. United States [5 Cir.,], [283] F.[2d] 303, he had no right not to respond nor to refuse to deliver corporate records, it was perfectly proper, as I construe it, to have subpoenaed him to deliver corporate records, so that he couldn't have validly objected to the subpoena. Now, his delivery then of the personal records, as I construe it, was a voluntary act which amounted to a waiver of the privilege."

We are inclined to agree with this finding. However, if appellant's plea of guilty constitutes a waiver of immunity, as the appellee so ably argues, then we need not decide whether immunity ever attached or whether the voluntary—if voluntary it was—production of his personal records constituted a waiver of immunity.

■ It is our opinion that the guilty pleas, in the absence of proof that they were coerced or made otherwise than freely, voluntarily and with a full understanding of the consequences as well as all constitutional rights involved, con-

3. Rule 32(d), Federal Rules of Criminal Procedure:
"A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

stitute a waiver of a previously attained immunity. As mentioned earlier, Burns was represented at all times by able and experienced counsel. In Warren v. United States, 5 Cir., 1956, 232 F.2d 629, this court said:

"His plea of guilty, advisedly entered, precludes further inquiry into his complaints that he was improperly searched and that the government failed to prove portions of the indictment."

Later in Alexander v. United States, 5 Cir., 1961, 290 F.2d 252, we re-affirmed the same principle:

"If the appellant had submitted his guilt or innocence to a jury and had been convicted we would, of course, guided by Elkins, reverse the conviction. Even in such a case the question could only be considered on appeal and could not be properly raised in a proceeding under Section 2255, Kinney v. United States, 10 Cir., 1949, 177 F.2d 895. However, the error of the trial court was removed from our consideration by the plea of guilty, assuming of course that the plea was advisedly and voluntarily made. Warren v. United States, 5 Cir., 1956, 232 F.2d 629. The mistake of appellant's counsel, if mistake it was, in recommending a plea of guilty, cannot be corrected by us. The entry of the plea of guilty on counsel's recommendation will not be set aside merely because the recommendation was based upon a legal opinion which subsequent events proved wrong."

From the record we do not gain the impression that Burns was ill advised; or that subsequent events prove that he should not have entered guilty pleas. As a matter of fact, the record supports the inference that Burns came out of a serious situation with rather lenient treatment, which at the time he was glad to receive.[4]

The judgment of the court below is in all things affirmed.

---

4. The following is taken from a memorandum filed in the trial court by Burns in support of petition for rehearing, reconsideration, and for leave to withdraw plea of guilty:

"On January 24th, 1962, immediately following the entry of the oral Order above-described the selection of the Jury for the case at bar was commenced.

"On January 26th, 1962, in the absence of the Honorable GEORGE C. YOUNG, Defendant BURNS and another Defendant withdrew the pleas of not guilty previously entered and entered pleas of guilty before the Honorable EMETT C. CHOATE, at which time the Court ordered a presentence investigation made.

"On February 12th, 1962, the Defendant filed a Motion to Substitute the Plea of Not Guilty with a Plea of Nolo Contendere.

"On February 14th, 1962, Judge CHRISTENSON at Salt Lake City signed an Order determining that Defendant BURNS was immune for prosecution and dismissing the two Salt Lake City Indictments.

"On February 16th, 1962, counsel for the Government advised counsel for Defendant that in the event that a Nolo Contendere plea was entered that the Government would not dismiss the remaining thirty-four counts of the Indictment.

"On February 16th, 1962, the Motion to Substitute Plea of Nolo Contendere for Plea of Guilty was abandoned by the Defendant on the basis of representations of Government couns l (sic) that the remaining thirty-four counts would not be dismissed in the event that a Nolo Contendere plea was entered in lieu of a plea of guilty.

"On February 16th, 1962, Judge EMETT C. CHOATE sentenced the Defendant to two years confinement, suspended the sentence of confinement, placed the Defendant on probation for a period of two years and fined the Defendant Five Thousand Dollars ($5,000.00) on each of two counts to which he had entered pleas."