[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2012
JOHN LEY
CLERK

No. 11-11709
Non-Argument Calendar
————————————————

D.C. Docket No. 3:07-cr-00129-MCR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRADLEY SCOTT ADKINS,
a.k.a. Brad,

Defendant-Appellant.

————————————————

No. 11-11767
Non-Argument Calendar
————————————————

D.C. Docket No. 3:10-cr-00038-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRADLEY SCOTT ADKINS,

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(April 20, 2012)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Bradley Adkins appeals his conviction after pleading guilty to conspiring to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846. For the reasons set forth below, we affirm.

## I.

Adkins entered into a plea agreement with the government, in which he agreed to plead guilty to the cocaine trafficking conspiracy charged in the indictment. In exchange, the government agreed to file a U.S.S.G. § 5K1.1 substantial-assistance motion, provided the following three conditions were met: (1) the government, in its "sole discretion," deemed Adkins to have provided substantial assistance in the investigation or prosecution of other offenders, (2) Adkins complied with all the terms of the plea agreement, and (3) Adkins's

assistance was timely.

The plea agreement contained a provision that allowed the government to revoke the agreement if Adkins, among other things, "engaged in further criminal conduct after entering into this agreement." Upon revocation of the agreement, Adkins's guilty plea would "remain in full force and effect and [would] not be the subject of legal challenge" by Adkins. Moreover, the government could file other charges against Adkins, use all evidence provided pursuant to the plea agreement against him, and, in its sole discretion, deem Adkins not to have provided substantial assistance, regardless of his cooperation. In addition to the above, the plea agreement contained a description of the factual basis for the plea, wherein Adkins essentially admitted to participating in a drug trafficking conspiracy involving more than five kilograms of cocaine. Adkins, his attorney, and the government signed the agreement.

At the plea hearing, the district court questioned Adkins extensively about the plea agreement, and he assured the court that he understood the agreement and discussed it with his lawyer. He further indicated that he reviewed the factual basis for the plea, as set out in the plea agreement, and that those facts were accurate. Adkins then pleaded guilty, and the court accepted his plea, finding that it was made knowingly and voluntarily. Adkins remained released on bond prior to

3

sentencing.

Shortly before the scheduled sentencing hearing, the government filed a substantial-assistance motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, describing how Adkins assisted the government in the investigation of drug-trafficking crimes. However, Adkins subsequently fled to Mexico and failed to appear for the hearing. He was recaptured several months later and charged with a violation of 18 U.S.C. § 3146 for failing to appear before a court as required by his release conditions.[1] The government then moved to withdraw the previously filed substantial-assistance motion, stating that Adkins's failure to appear for sentencing or to be available for assistance "has both violated the terms of his plea agreement and negated the value of the assistance previously rendered by him." Adkins did not oppose this motion.

Prior to being sentenced, Adkins moved to withdraw his guilty plea. He asserted that he had an oral agreement with law enforcement granting him immunity from prosecution in return for his cooperation and assistance. He argued that the government breached this immunity agreement by prosecuting him for the instant offense. After an evidentiary hearing on the matter, the district court denied Adkins's motion to withdraw the plea, finding, in relevant part, that he failed to

_____

[1] Adkins ultimately pleaded guilty to that charge.

4

show a "fair and just" reason for doing so.  Ultimately, the court sentenced Adkins to 314 months in prison for the drug offense and 6 months for failing to appear at sentencing, both terms to be served consecutively.

## II.

On appeal, Adkins argues that he was entitled to withdraw his guilty plea because the government breached their plea agreement by refusing, in bad faith, to evaluate his cooperation and file a substantial-assistance motion under § 5K1.1.[2] Because Adkins never raised this argument before the district court, we review the issue for plain error.  *See United States v. Straub*, 508 F.3d 1003, 1008, 1011 (11th Cir. 2007).  Under plain-error review, an appellant must establish "(1) that there was error (2) that was plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceeding."  *Id.* at 1008.

---

[2] Adkins additionally contends that the district court erred in admitting incriminating statements and confessions that he had given to law enforcement officers.  This argument is entirely meritless because his conviction rested on his sworn admission of guilt at the plea hearing, not any statements he had previously given to law enforcement officers.  Thus, we decline to further discuss the matter.  Adkins also fleetingly mentions that he was immune from prosecution, but he presents no specific arguments in this regard, thereby abandoning the issue. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (stating that an appellant abandons an issue that is not "fairly and plainly presented" to this Court).  In any event, he has waived any defense of immunity by pleading guilty.  *See United States v. Bonilla*, 579 F.3d 1233, 1240 (11th Cir. 2009) ("Generally, entering a guilty plea waives a defendant's right to all non-jurisdictional challenges to a conviction."); *Burns v. United States*, 323 F.2d 269, 272-73 (5th Cir. 1963) (holding that the defendant's guilty pleas waived his claim of previously attained immunity).

5

To determine whether the government breached a plea agreement, we look to the defendant's "reasonable understanding" of the agreement at the time he entered the plea. *United States v. Horsfall*, 552 F.3d 1275, 1281 (11th Cir. 2008). In construing the agreement, we consider parol evidence only "where the language of the agreement is ambiguous, or where government overreaching is alleged." *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004) (quotation omitted).

In this case, the government fully complied with all the terms of the plea agreement. After Adkins pleaded guilty and the government deemed him to have provided substantial assistance, it filed a substantial-assistance motion on his behalf. Subsequently, however, Adkins breached the plea agreement by committing another criminal offense, *i.e.*, failing to appear for sentencing, in violation of 18 U.S.C. § 3146. As a result of his breach, according to the express terms of the plea agreement, the government obtained the right to unilaterally revoke the agreement, while Adkins's plea of guilty remained in full force and effect. The government exercised its right of revocation by withdrawing the substantial-assistance motion. Given that the plea agreement was voided with respect to the government, and no new agreement was reached, the government had no obligation to refile the motion, even if Adkins had provided substantial

6

assistance after his recapture. In fact, the plea agreement expressly provided that, upon its revocation, Adkins could be deemed not to have provided substantial assistance, regardless of his cooperation. Because the government did not breach the plea agreement by withdrawing and refusing to refile the substantial-assistance motion, Adkins has failed to show any error, much less plain error, in the district court's denial of his motion to withdraw the guilty plea. Accordingly, we affirm.

**AFFIRMED.**