[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10042
Non-Argument Calendar
_____

D.C. Docket No. 8:07-cr-00220-MSS-TGW-7


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRICIA N. MURPHY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 21, 2012)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Tricia Murphy appeals her conviction and sentence for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). Murphy pled guilty pursuant to a written plea agreement, which contained a sentence-appeal waiver that foreclosed her right to appeal her sentence, subject to four limited exceptions. First, she argues that her conviction should be vacated because the government breached an agreement not to prosecute her for the offense of conviction. Second, she challenges her 120-month sentence on substantive reasonableness grounds.

## I.

Generally, "a guilty plea waives all non-jurisdictional challenges to a conviction." *United States v. Smith*, 532 F.3d 1125, 1127 (11th Cir. 2008). A defendant who enters a guilty plea can only attack the "voluntary and knowing nature of the plea." *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008). Guilty pleas, if made freely, voluntarily, and with full understanding of all rights and consequences, constitute a "waiver of a previously attained immunity." *Burns v. United States*, 323 F.2d 269, 272-73 (5th Cir. 1963).

Murphy cannot argue that the government breached an agreement not to prosecute her for the offense to which she pled guilty. Because her guilty plea was

2

knowing and voluntary, she waived all non-jurisdictional challenges to her conviction, including any defense of immunity.  Thus, we affirm her conviction.

## II.

The validity of a sentence-appeal waiver is reviewed *de novo*.  *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993).  We will enforce a sentence-appeal waiver if the defendant made the waiver knowingly and voluntarily.  *Id.* at 1350-51.  To establish that the waiver was made knowingly and voluntarily, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."  *Id.* at 1351.  We have consistently enforced appeal waivers according to their terms when the district court specifically questioned the defendant during the plea colloquy about the appeal waiver, adequately explained the significance of the appeal waiver, and confirmed that the defendant understood the full significance of the appeal waiver. *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).  An appeal waiver "cannot be vitiated or altered by comments the court makes during sentencing."  *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006).  Moreover, there is a strong presumption that statements made during a plea

3

colloquy are true.  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Murphy knowingly and voluntarily waived her right to appeal as part of her plea agreement.  During the plea hearing, the court specifically questioned her about the appeal waiver, and fully described its significance and exceptions.  In response, she unambiguously indicated that she understood the waiver.  Thus, we do not address Murphy's reasonableness argument and dismiss her appeal of her sentence.

**AFFIRMED IN PART, DISMISSED IN PART.**